### JACKSONVILLE CONSOLIDATED LODGE
### v. CITY OF JACKSONVILLE
No. 82-5637

Pialorsi, et al. v. Carson, et al.

### No. 82-5638
(Consolidated)

Fourth Judicial Circuit, Duval County

February 1, 1983

Kenneth Vickers, for plaintiffs

Robert G. Alexander, for defendants.

Harold B. Wahl, for intervenor, Florida Publishing Company

CHARLES O. MITCHELL, JR., Circuit Judge

This cause having come before the Court on the consolidated suits filed by the Jacksonville Consolidated Lodge 30 of the Fraternal Order of the police and John Pialorsi, L. E. Thompson and V. A. Groner, on behalf of themselves and all others similarly situated against Dale Carson, as Sheriff of Duval County and the Consolidated City of Jacksonville, in which the Fraternal Order of Police requested this Court to enter orders requiring defendants to perform the provisions of Articles 9.5 and 9.6 of the collective bargaining agreement and enjoin the defendants from allowing the inspection of personnel files or the internal investigations files until the provisions of Articles 9.5 and 9.6 of the collective bargaining agreement have been complied with and further requesting a judgment declaring that the defendant Dale Carson

shall not allow inspection of internal investigation files by the public or media and temporary and permanent restraining orders restraining Dale Carson, as Sheriff of Duval County and the Consolidated City of Jacksonville, from allowing public inspection of internal investigation files until certain specified requirements have been met and the Court having allowed Florida Publishing Company to intervene in this suit and having heard arguments from all parties and having considered the present state of the law and having concluded that Chapter 119 of the Florida Statutes requires public access to all police records which are not specifically protected by other laws such as the publication of police officers' addresses and telephone numbers and having further concluded that the Legislature amended Florida Statute 112.533 to protect certain police records from public scrutiny and that the effective date of that statute was July 6, 1982, and that the statute cannot be applied retroactively and, therefore, the public should have access to files from January 1, 1975, through July 5, 1982, it is hereby

ORDERED AND ADJUDGED:

1.   Articles 9.5 and 9.6 of the collective bargaining agreement between the Fraternal Order of the Police and the Consolidated City of Jacksonville are unenforceable to the extent that they conflict with Chapter 119, Florida Statutes.

2.   The declaratory relief requested by plaintiffs is denied and the request for a restraining order against defendants Carson and City of Jacksonville is denied.